JEFFERSON.
April, 1818.

Means
v.
Goodenow.

## MEANS vs. GOODENOW.

Bail on appeal from the justice of the peace are liable to suit on the recognizance before execution vs. the principal.

### SCIRE FACIAS ON AN APPEAL BOND.

The plaintiff, Means, brought a suit vs. Smith, before a justice of the peace, and recovered a judgment for $26 62 damages and $1 60 costs. Smith appealed to the Court of Common Pleas, and Goodenow was bail on the appeal in the sum of $63. In the court of common pleas, Means recovered a judgment against Smith, of $60 damages and $10 12 costs, which, remaining unsatisfied, this suit is brought.

The defendant pleaded, " that after the recovery of the said judgment, as in the said declaration mentioned, and before the commencement of this suit, there was no writ of execution sued or prosecuted out of the said court of common pleas, against the said Smith upon

the said judgment, and duly returned in the said court, as according to law there ought to have been," &c. To which the plaintiff demurred generally.

WRIGHT, for plaintiff.   GOODENOW, for himself.

PRESIDENT.—To determine the extent to which the bail on an appeal from a justice of the peace to the court of common pleas, is liable, we must look to the recognizance he has entered into. It is in form prescribed by the statute, 14th vol. page 108 : " In the suit of James Means against William Smith, I, John M. Goodenow, do acknowledge myself bail for Wm. Smith appellant, for the sum of sixty-three dollars, to be levied on my goods and chattels, lands and tenements, in case said appellant fail to pay the debt and costs that may accrue in the court of common pleas." The bail is liable *in case the appellant fail to pay*, and it should seem could only be exonerated from such liability by shewing that the appellant *has paid*. The statute law prescribes a similar form of recognizance of bail for stay of execution on a justice's judgment; and in that case provides, that an execution shall issue against the goods and chattels of the defendant, and be returned, before the justice shall issue a scire facias against the bail. But, in case of bail, on appeal no such provision is made. The stat. 14 vol. 318, provides for the entering and recording such recognizances in the court of common pleas, and that " they shall be proceeded on by process issuing out of said court, in the same manner as if such recognizance had been entered into in such court ; " and it appears that an execution against the principal, has been directed to be issued, in the first instance. In all the statutes we have had, giving stay of execution on justices' judgments, and that as to bail on appeals, no such provision ever was made ; I infer, then, from the silence of the statute in case of appeals, and its uniform provision in case of stay of execution, that it has been intended that a different effect should be given to the recognizance in one case from the other.—This recognizance has been compared to a recognizance of special bail. It differs from special bail in one important particular : the undertaking of special bail, is in the alternative to pay *or* surrender the body. The undertaking of the bail on this appeal, is solely for the payment of the money. If this is in the nature of special bail, the principal might be surrendered in discharge of the security ; but it has not been supposed that this could be done.—The bail on an appeal from a justice of the peace, enter into an obligation, similar, in its legal effect, to the obligation of

bail on appeal to the supreme court, and bail on a writ of error; and it has always been held, in those cases, to be an obligation to pay the money at all events. The matter disclosed in the plea, can, therefore, be no bar to this action. *Judgment for the plaintiff.*